UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 95-605-CR-SEITZ

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**vs.**

**FREDERICK KNIGHT,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

On or about May 4, 2009, court-appointed defense counsel Faith Mesnekoff ("Ms. Mesnekoff" or "Counsel") submitted a voucher, No. FLS 08 2504 ("the voucher"), with appended time sheets requesting $2,562.00 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"). Ms. Mesnekoff began representing Defendant Frederick Knight ("Defendant" and/or "Knight") on April 17, 2008 when she was a lawyer in the Office of the Federal Public Defender. Counsel later left the Office of the Public Defender to enter into private practice and continued representation of Defendant as CJA counsel. **[DE # 826]**. Counsel represented Defendant in this capacity for approximately five (5) months, from her appointment on 11/5/08 to 4/30/09.

In the voucher at issue here, Counsel only seeks compensation for the period of representation in this case from 11/28/08 through 4/30/09 related to the re-sentencing of Defendant. Counsel seeks $2,562.00 in her application, an amount which exceeds the $1,800.00 maximum allowed for re-sentencing proceedings. As a result, United States District Court Judge Patricia A. Seitz entered an Order of Reference **[DE #975]** referring the voucher application to the undersigned for a Report and Recommendation as to whether the

fees requested by Counsel are appropriate. *See* 28 U.S.C. § 636(a); *see also* United States District Court for the Southern District of Florida Magistrate Judge Rules.

**Criminal Justice Act and Guidelines for Administration of the Criminal Justice Act**

The United States Judicial Conference developed guidelines to assist courts in the application of the Criminal Justice Act compensation provisions. *See In re Burger,* 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines for Administration of the Criminal Justice Act (the "Guidelines"), judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." *See* Section §6.02(B) of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed Counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); *U.S. v. Griggs,* 240 F.3d 974 (11th Cir. 2001). If the recommended fee amount exceeds the statutory maximum, however, the district court must first certify that the case involves "extended" or "complex" representation, and that the amount is necessary to provide Counsel with fair compensation. 18 U.S.C. §3006A(d)(3). If the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case, the case may be considered "complex." *See* Section §2.22B(3) of the Guidelines. If more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings, the case may

be considered "extended." *Id.*

Here, the applicable CJA maximum allowed compensation amount for a re-sentencing is $1,800.00. Counsel's fee request exceeds this maximum allowed compensation amount. Consequently, before I can recommend the approval of the fee voucher request in the amount requested by Counsel, I must conclude that this case involve "extended" or "complex" representation, and that the amount requested is necessary to provide Counsel with fair compensation. I conclude, however, that this case was neither extended, nor complex sufficient to justify recommendation of compensation in excess of the statutory maximum allowed under the CJA.

## DISCUSSION

### *Voucher Amount - Administrator's Review*

The Court's CJA administrator reviewed the voucher for compliance with the Guidelines and for mathematical accuracy prior to the undersigned's review. Counsel listed no in-court hours in the voucher.

The CJA administrator reviewed the $2,562.00 billed for 23.9 out-of-court hours as follows: 2.9 hours for "Interviews and conferences"; 10.9 hours for "Obtaining and reviewing records"; 9.8 hours for "Legal research and brief writing". Counsel does not seek reimbursement for any "Travel time". Counsel does seek 0.3 hours for Investigative and other work", however.

The CJA administrator eliminated 1.0 hour of time Counsel sought for an entry dated April 23, 2009 for "Review File & Records to Prep CJA 20." The CJA Administrator eliminated this charge because Counsel cannot be reimbursed for time spent preparing a

CJA voucher. The CJA administrator also made mathematical corrections to the voucher because Counsel incorrectly computed the total amount of compensation sought. The CJA administrator adjusted the total amount sought, including the elimination 1.0 hour for the April 23, 2009 entry, to $2,350.00 from $2,562.00. As adjusted, the corrected total of the fee request therefore is $2,350.00.

### *Undersigned's Review and Recommendation*

In making this recommendation, the undersigned reviewed the fee request and time sheets submitted, and the case record as it relates to Counsel's representation of Defendant.

As a matter of background, Defendant was indicted in August 1995 in a multi-count indictment, along with numerous co-Defendants, on charges of conspiracy with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and with knowingly and intentionally possessing cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). **[See DE # 3]**. Defendant entered a not guilty plea and was tried between April 8, 1996 - May 2, 1996. The jury found Defendant guilty on the conspiracy charge and acquitted Defendant of the possession charge. **[See DE # 363]**. Defendant was sentenced on July 22, 1996 to 360 months in prison. **[See DE # 468]**.

Defendant later filed a *pro se* motion to reduce his sentence. Thereafter, the Court appointed the Office of the Federal Public Defender as his counsel. Defendant was represented by Ms. Mesnekoff, then an Assistant Federal Public Defender.

Counsel filed only a few pleadings on behalf of Defendant: a Motion to Appoint Counsel **[See DE # 824]**, a Supplement to the *pro se* motion for reduction of sentence Defendant earlier filed **[See DE # 872]** and a Response in opposition to the government's

motion to vacate the Court's order granting Defendant's *pro se* motion for reconsideration of another order denying his motion for reduction of sentence **[See DE # 906]**. The Court held no hearings on any of these motions.

The Honorable Judge Patricia Seitz granted Defendant's *pro se* motion for reduction of sentence and motion for reconsideration of order to reduce sentence. Defendant was resentenced on April 16, 2009 to 292 months in prison. Ms. Mesnekoff now seeks compensation for her representation of Defendant with respect to Defendant's efforts to reduce his sentence.

## Out-of-Court Hours

As adjusted by the CJA administrator, Counsel seeks $2,350.00 for 22.9 out-of-court hours: 16.9 hours of which was incurred at a rate of $100.00/hour and 6.0 hours incurred at a rate of $110.00/ hour. I have reviewed all of the entries listed on the time sheets and the total time claimed for each of the task categories.

Although I conclude that the time spent out-of-court by Counsel was justified, in order for the undersigned to award Counsel more than the $1,800.00 statutory maximum allowed in re-sentencing proceedings under the CJA, I must first conclude that this case was either "extended" or "complex". "Excess compensation is to be allowed if the legal or factual problems in the case, or the quantity of the service demanded, are "significantly" greater than average. The point of reference is the case commonly encountered, and the comparison must reveal enough margin of difference to justify a confident conclusion that excess compensation is essential to fairness." *United States v. Mukhtaar*, 2008 WL 2151798, at * 2 (S.D. N.Y. May 21, 2008) (quoting *United States v. Bailey*, 581 F.2d 984,

987 (D.C. Cir. 1978)). In comparing this case to the "case commonly encountered", there is no such margin of difference present in this case to justify an award in excess of the maximum compensation allowed under the CJA.

Again, an "extended" case is a case in which more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings. *See* Section §2.22B(3) of the Guidelines. Counsel began representing Defendant as CJA counsel with respect to re-sentencing on November 5, 2008. Judge Seitz resentenced Defendant on April 16, 2009. The Court held no hearings on the issue of re-sentencing and Counsel did not incur any in-court hours with respect to this proceeding. Although Counsel served as CJA counsel for five months, a review of the docket and pleadings in this case reveals that this case did not require more time for processing than the average case.

I also conclude that this was not a complex case. A "complex" case exists where the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case. *See* Section §2.22B(3) of the Guidelines. The issues with respect to Defendant's re-sentencing were not complex.

Again, Judge Seitz held no hearings with respect to re-sentencing. All arguments were presented by Counsel in only two substantive pleadings: a Supplement (consisting of five pages of argument) to the *pro se* motion for reduction of sentence which Defendant had earlier filed **[See DE # 872]** and a Response (consisting of four pages of argument) in opposition to the government's motion to vacate the Court's order granting Defendant's *pro se* motion for reconsideration of another order denying his motion for reduction of sentence

**[See DE # 906]**. The re-sentencing proceedings did not require Counsel to expend more time, skill or effort than normally required in re-sentencing proceedings. Accordingly, this case cannot be considered extended.

In considering awards to Counsel under the CJA, courts have long recognized that there is an inherent tension between the policies underlying the CJA: "[o]n the one hand, representing indigent defendants is a form of public service; thus, the [CJA] was never intended to provide full compensation for an attorney's services or to provide fees equal to those charged in private practice. . . . On the other hand, the Act was also intended to provide indigent defendants with meaningful representation by competent counsel". *Mukhtaar,* 2008 WL 2151798, at * 2 (citations omitted). As other courts have explained, the CJA "was intended to partially alleviate the financial burden associated with provision of these services which had been traditionally provided pro bono. The spirit of the statute is lost once the CJA representation of indigent defendants loses its essentially pro bono nature." *United States v. Diaz*, 802 F.Supp. 304, 307 (C.D. Cal. 1992) (quoting *United States v. Carnevale*, 624 F.Supp. 381, 383 (D. R.I. 1985)).

In considering these principles with respect to the instant case, I conclude that an award of $1,800.00, the maximum allowed under the CJA, is fair, although admittedly not full compensation for Counsel's services.

I commend Ms. Mesnekoff for her professionalism and willingness to take this and other CJA appointments; the undersigned is appreciative of her efforts. Notwithstanding this appreciation, as I have often quoted in the spirit of the CJA: "What is commendable, however, is not necessarily compensable." *U.S. v. Smith,* 76 F.Supp.2d 767, 769 (S.D.

Texas 1999). Although Counsel was ultimately successful in persuading the Court to reduce Defendant's sentence, I conclude that this case was neither "complex" nor "extended" sufficient to justify compensating Counsel in excess of the $1,800.00 maximum allowed for re-sentencing proceedings under the CJA.

## CONCLUSION

In sum, based upon my review of the voucher, having personally reviewed the time sheets and the case record as it relates to Counsel's voucher, I am **RECOMMENDING** that Counsel be paid the $1,800.00, the statutory maximum, as fair and final compensation for her work on this case.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have ten (10) days from receipt of this Report and Recommendation in which to serve and file any written objections with the Honorable Patricia A. Seitz, United States District Judge.

Respectfully submitted this 14 day of July, 2009.

**PETER R. PALERMO**
**SR. UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

    Honorable Judge Patricia A. Seitz
    Faith Mesnekoff, Esq.
    Lucy Lara, CJA administrator